JUDICIAL-PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 11 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

4/11/77

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE PREFERENTIAL DRUG PRODUCTS )
PRICING ANTITRUST LITIGATION    )    DOCKET NO. 298

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of two actions, one each pending in the Northern District of California and the Central District of California.1/ The complaints in each action are substantially similar and allege that defendants violated Section 2(f) of the Robinson-Patman Act and Sections 1 and 2 of the Sherman Act by their methods of purchasing and distributing drug products. Both actions are brought on behalf of a class of all present or

---

\* Judge Lord was unable to attend the Panel hearing and, therefore, did not participate in the consideration or decision of this matter.

1/ An additional potentially related action, Portland Retail Druggist Assn., Inc. v. Abbott Laboratories, et al., D. Ore., Civil Action No. 71-543, came to the Panel's attention too late to be included in the Panel's hearing on this matter. This action thus will be treated as a tag-along action. Rule 10(d), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

former owners of retail or community pharmacies in California who are or were in competition with defendants or their affiliates from approximately 1973 until the present. The class alleged in the Northern District of California action adds all present or former owners of retail or community pharmacies in Oregon and Washington. Defendants in each action are organizations that are involved in a direct-service health care program known as the Kaiser-Permanente Medical Care Program (the Program). All four defendants named in the Northern District of California action are named as defendants in the Central District of California action. The Central District of California action includes fourteen additional defendants.

Plaintiffs in each action jointly move the Panel to transfer the Northern District of California action to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending there. Eleven of the defendants, including the four common defendants, cross-moved the Panel to transfer the Central District of California action to the Northern District of California pursuant to Section 1407. The seven remaining defendants have joined in the cross-motion. Thus, all parties agree that these actions belong in the same district for

coordinated or consolidated pretrial proceedings. The only dispute among the parties is over the more appropriate transferee forum.

We find that these actions involve common questions of fact and that transfer of the Northern District of California action to the Central District of California for coordinated or consolidated pretrial proceedings under Section 1407 with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

These two actions clearly share complex questions of fact concerning defendants' methods of purchasing and distributing drug products and therefore transfer under Section 1407 is necessary in order to prevent duplicative discovery. Moreover, placing both these actions under the supervision of a single court will eliminate the possibilities of conflicting class determinations and of inconsistency with respect to other pretrial rulings. See In re Clark Oil and Refining Corporation Antitrust Litigation, 364 F. Supp. 458, 459 (J.P.M.L. 1973).

The defendants argue that the Northern District of California is the appropriate transferee forum for this litigation mainly because most of the defendants have

their headquarters in the San Francisco-Oakland vicinity and therefore that district will be the focal point of discovery.

We believe that either of the districts wherein these actions are pending could be described as an appropriate transferee district. On balance, however, we are of the view that the Central District of California is preferable. On the basis of the record before us, it appears that key pharmaceutical witnesses are located in that district. In addition, the Program maintains and operates numerous offices in the Central District of California and those offices are potential sources of discovery. Moreover, according to the latest available statistics, the median times from filing to disposition and from issue to trial for civil actions are significantly shorter in the Central District of California than in the Northern District of California. <u>Administrative Office of the United States Courts, Management Statistics for United States Courts</u> (1976) at 101 and 103. Thus, the Central District of California is in a better position to process this litigation toward its most expeditious conclusion.

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the Northern District of California be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Irving Hill for coordinated or consolidated pre-trial proceedings, pursuant to 28 U.S.C. §1407, with the action pending in that district and listed on Schedule A.

SCHEDULE A

DOCKET NO. 298

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Portland Retail Druggists Assn., Inc. v. Kaiser Foundation Health Plan, Inc., et al. | Civil Action No. C76-2383-WHO |

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mario de Mondeno, d/b/a Sixth Avenue Pharmacy, et al. v. Kaiser Foundation Health Plan, Inc., et al. | Civil Action No. 77-0005-IH |